**In re the Petition for DISCIPLINARY ACTION AGAINST Steve G. HEIKENS, an Attorney at Law of the State of Minnesota.**

No. C3–90–432.

Supreme Court of Minnesota.

Jan. 25, 1994.

### *AMENDED ORDER*

Respondent, Steve G. Heikens was transferred to disability inactive status by order of this court dated March 27, 1990 pursuant to Rule 28(a), Rules on Lawyers Professional Responsibility. Thereafter, the Director, Office of Lawyers Professional Responsibility, filed a petition with this Court alleging that the respondent had committed professional misconduct including misappropriation, failure to keep adequate books and records, neglect of client files and failure to communicate with clients. This court stayed all formal disciplinary proceedings until December 1992, when Heikens was removed from disability inactive status.

After a full hearing before a referee on the merits, the referee recommended that respondent be suspended from the practice of law for a period of not less than 3 years and that the 3–year period be considered retroactive to March 1990 when this court placed respondent on disciplinary inactive status. Considering the recommended period of suspension to have been satisfied, the referee recommended to this court that it reinstate respondent to supervised probation. The parties now have executed and filed a stipulation with this court in which they waive further disciplinary proceedings and join in requesting that an order issue consistent with the referee's report and the files and records herein.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, the findings of fact, conclusions of law and recommendations of the referee, and the stipulation of the parties, NOW ORDERS:

1. That respondent, Steve G. Heikens, hereby is suspended from the practice of law for a minimum of 3 years, pursuant to Rule 15, Rules on Lawyers Professional Responsibility;

2. That the 3–year period of suspension shall be retroactive to March 27, 1990, when this court placed respondent on disability inactive status;

3. That, having served the minimum three-year period of suspension, respondent hereby is reinstated to the practice of law and placed on supervised probation until further order of this court;

4. That the conditions of respondent's probation shall be as follows:

a. That respondent continue psychiatric treatment, and follow all treatment requirements set forth by his psychiatrist, including the regular use of Lithium or any other medication prescribed by his psychiatrist;

b. That respondent continue attendance at mental health support groups;

c. That respondent continue to repay clients as set forth in the stipulated facts;

d. That respondent repay the Client Security Board as agreed in the October 19, 1993, Promissory Note executed by respondent in favor of the Board. Except upon motion and for good cause shown, failure to

pay the Client Security Board in the agreed manner shall result in respondent's automatic suspension, effective the date of notice of default, until such time as this court orders respondent's reinstatement upon proof that the default has been cured;

e. That respondent submit a written plan outlining office procedures including maintenance of appropriate trust and office account books and records, systems for tracking client communications, file management and calendaring;

f. That respondent have a licensed Minnesota attorney, acceptable to the Director, agree to supervise his practice including respondent's compliance with the written plan outlining office procedures described above; and

g. That respondent submit his books and records to the Director to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9. In addition, every 6 months, respondent shall submit written monthly reconciliations to the Director and, when requested by the Director, copies of all trust account books and records.

5. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.